**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 11-4175**

———————————

UNITED STATES OF AMERICA,

> Plaintiff - Appellee,

> v.

DARNELL QUEEN,

> Defendant - Appellant.

———————————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:10-cr-00086-WO-1)

———————————

Submitted:  January 26, 2012      Decided:  February 7, 2012

———————————

Before AGEE and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Louis C. Allen, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Ripley Rand, United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darnell Queen appeals the 120-month sentence imposed following his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006). Queen's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there were no meritorious grounds for appeal but questioning whether the district court erred in applying a four-level increase to Queen's offense level pursuant to U.S. Sentencing Guidelines Manual (USSG) § 2K2.1(b)(6) (2010). Counsel contends that the marijuana recovered at the time of Queen's arrest was for personal use, not for distribution. Queen filed a pro se supplemental brief and a notice of supplemental authorities.[*]

Pursuant to our review under Anders, we directed the parties to file supplemental briefs addressing the propriety of the § 2K2.1(b)(6) enhancement in light of our decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). In the supplemental briefs, Queen's counsel asserts that Simmons

_____

[*] In his pro se filings, Queen repeats the claim raised by counsel and asserts that the district court erred in denying his motion to withdraw his guilty plea and dismiss the indictment based on ineffective assistance of counsel and that he is actually innocent of being a felon in possession because his prior drug conviction was not punishable by more than one year of imprisonment. We have carefully considered these claims and find them to be without merit.

2

does not impact the district court's application of the USSG § 2K2.1(b)(6) four-level enhancement, and the Government agrees with counsel's assessment. Queen filed a supplemental pro se brief disagreeing with counsel's assessment and has moved to remand his case to the district court. Finding no error, we affirm.

Section 2K2.1(b)(6) provides for a four-level enhancement "[i]f the defendant . . . used or possessed any firearm or ammunition in connection with another felony offense." USSG § 2K2.1(b)(6)(B) & cmt. n.14(c). "[T]he purpose of Section 2K2.1(b)(6) [is] to punish more severely a defendant who commits a separate felony offense that is rendered more dangerous by the presence of a firearm." United States v. Jenkins, 566 F.3d 160, 164 (4th Cir. 2009) (internal quotation marks omitted). "In considering the district court's application of the Sentencing Guidelines, we review factual findings for clear error and legal conclusions *de novo*." United States v. Mehta, 594 F.3d 277, 281 (4th Cir.), cert denied, 131 S. Ct. 279 (2010).

Here, the district court apparently relied on a prior North Carolina conviction for possession with intent to sell and deliver marijuana to support the four-level enhancement. In light of Simmons, that conviction is not punishable by more than

3

one year of imprisonment. The Government notes, however, that Queen also was indicted for possession with intent to distribute 30.8 grams of marijuana, which would support the § 2K2.1(b)(6) enhancement. See 21 U.S.C.A. § 841(b)(1)(D) (West 1999 & Supp. 2011) (providing for maximum sentence "of not more than 5 years"). Even assuming, as Queen contends, that he possessed the marijuana for personal use, his conduct violated 21 U.S.C. § 844(a) (2006), and the maximum sentence he would have faced, taking into account his prior convictions, is up to three years' imprisonment. Thus, on the record before us, we conclude that the district court did not err in applying the sentencing enhancement.

In accordance with Anders, we have reviewed the record in this case and have found no other potentially meritorious issues for appeal. We therefore deny Queen's motion to remand and affirm the district court's judgment. This court requires that counsel inform Queen, in writing, of his right to petition the Supreme Court of the United States for further review. If Queen requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Queen. We dispense with oral argument because the facts and legal

4

conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED